UNITED STATES DISTRICT COURT
THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JUDAH PERRY, individually and on behalf of all others similarly situated, ) ) ) Plaintiff, ) ) v. ) ) HEARTHSIDE FOOD SOLUTIONS, LLC ) ) Defendant. ) | CASE NO.: 3:19-cv-2479<br><br>JUDGE JACK ZOUHARY<br><br>**ORDER OF DISMISSAL AND APPROVING SETTLEMENT** |

THIS CAUSE having come before the Court on the Joint Motion for Approval of Settlement and Stipulation of Dismissal with Prejudice, including the Joint Stipulation of Settlement and Release ("Settlement") and the Declaration of Lori M. Griffin, and due cause appearing therefore, it is hereby Ordered and Adjudged as follows:

1. On October 23, 2019, former Representative Plaintiff Jessica Owens filed this Action as a result of Defendant's failure to pay Plaintiff and other similarly situated employees overtime compensation at the rate of one and one-half times their regular rate of pay for the hours they worked over 40 each workweek, and for all hours worked in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as a "class action" pursuant to Fed. R. Civ. P. 23 to remedy violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. § 4111.03.

2. Specifically, Plaintiff alleged that Defendant violated the FLSA by failing to pay hourly manufacturing production employees overtime for work performed before, and after, their scheduled start and stop times, including changing into and out of their personal protective equipment, including, but not limited to, a hairnet, beard guard, and ear protection; getting tools

and equipment necessary to perform manufacturing work; getting instructions about the work they needed to perform and work locations; walking to their assigned area of the manufacturing floor; and/or performing manufacturing work.

3. On February 14, 2020, Plaintiff filed an Amended Complaint limiting the scope of the case to those employees employed at Defendant's McComb, Ohio facility.

4. On March 26, 2020, Defendant filed a Stipulated Motion to Continue Pending Deadlines for 47 Days due to the emergence of the coronavirus which the Court granted on March 27, 2020.

5. On May 5, 2020, Defendant filed a Stipulated Motion to Continue Pending Deadlines for an Additional 30 days, which the Court granted on May 14, 2020.

6. On July 1, 2020, the Parties filed a Joint Stipulation to Conditional Certification and Notice (the Parties submitted their own version of the Notice) for the following class of individuals:

> All former and current non-exempt manufacturing production employees of Hearthside Food Solutions, LLC who were employed at the McComb, Ohio facility between October 23, 2016 and the present.

7. On July 8, 2020, the Court approved Plaintiff's proposed Notice.

8. On August 5, 2020, the Parties filed a Joint Notice of Agreement to Mediate along with a tolling agreement.

9. On October 7, 2020, Defendant produced the dates of employment and pay rates for the entire putative class.

10. On November 16, 2020, Defendant produced time and pay records for a sample of 60 individuals in the putative class.

11. On December 30, 2020, the Parties attended mediation before Magistrate Judge Jonathan D. Greenberg which had previously been rescheduled numerous times to allow the Parties time to work through the voluminous data for the entire putative class. The mediation was unsuccessful.

12. On February 5, 2021, Notice was mailed out to 2408 putative class members. The Notice Period closed on March 8, 2021. In addition to Representative Plaintiff, 96 individuals opted-in to the case.

13. On April 1, 2021, Defendant served a written discovery questionnaire upon each of the Opt-In Plaintiffs.

14. On July 13, 2021, Defendant produced additional time and pay records for the opt-ins.

15. On August 5, 2021, the Parties agreed to a representative sample of 20 Opt-In Plaintiffs and Representative Plaintiff Owens and agreed to conduct 6 depositions.

16. On August 6, 2021, Defendant served a written discovery questionnaire on 20 plaintiffs.

17. Between September 2021 and November 2021 Plaintiff produced 12 responses to Defendant's discovery questionnaire.

18. On November 1, 2021, the Court ordered the Opt-In Plaintiff's to respond to Defendant's discovery requests by December 10, 2021 or else they would be dismissed from the lawsuit.

19. On November 29, 2021, Plaintiff filed a Stipulated Motion for Leave to File a Second Amended Complaint substituting Judah Perry as the Representative Plaintiff, which the Court granted on November 30, 2021.

20. On December 13, 2021, Plaintiff filed a Notice to the Court identifying 8 Opt-In Plaintiffs that failed to respond to Defendant's discovery requests by December 10, 2021.

21. The Parties reached an agreement to settle the Action on the terms set forth in the Settlement Agreement attached as Exhibit 1.

22. The Parties agree that bona fide disputes exist between the Parties, including whether Plaintiffs were properly compensated under the FLSA and/or OMFWSA and whether they are entitled to their claimed overtime compensation under the FLSA and/or OMFWSA.

23. In an effort to reach a compromise and to avoid the expense and burden of litigation, the Parties reached an agreement to settle the Action on December 13, 2021 with the assistance of Magistrate Judge Jonathan D. Greenberg, on the terms set forth in the Joint Stipulation of Settlement and Release attached as Exhibit 1 to the Parties Joint Motion.

24. The Court finds that the proposed Settlement is fair and reasonable and satisfies the standard for approval under § 16(b) of the FLSA, 29 U.S.C. § 216(b). The Court finds that the Settlement resulted from arms-length negotiations between experienced counsel after substantial investigation. Plaintiffs' Counsel has informed the Court that they believe the Settlement is fair, reasonable, and adequate and in the best interests of the Representative Plaintiff and the Existing Opt-In Party Plaintiffs. The Court has considered all relevant factors, including the risk, complexity, expense, and likely duration of the litigation; the extent of investigation; the amount offered in the Settlement; and the experience and views of counsel for the Parties.

25. The Court approves the Agreement and its Exhibits, and orders that the Settlement be implemented according to the terms and conditions of the Agreement and as directed herein. The Court grants final approval of the Settlement as to the Representative Plaintiff and the Opt-In Party Plaintiffs.

26. The Court finds that the proposed allocation and calculation of the Individual Payments to Class Members are fair and reasonable. The Court approves the method of calculation and proposed distribution of the Individual Payments. The Parties have submitted with the Joint Stipulation of Settlement and Release an Appendix providing the names of the Opt-In Party Plaintiffs and the Individual Payments. The Court approves the amounts and orders that such payments be distributed in the manner, and subject to the terms and conditions, set forth in the Agreement.

27. The Court approves the Class Representative Payment to Representative Plaintiff Judah Perry in recognition of her service in the Action, and orders that such payment be made in the manner, and subject to the terms and conditions set forth in the Settlement Agreement.

28. The Court approves the payment of attorneys' fees and expense reimbursements to Plaintiffs' Counsel as provided in the Agreement, and orders that such payments be distributed in the manner, and subject to the terms and conditions, set forth in the Settlement Agreement.

29. The above case is hereby DISMISSED WITH PREJUDICE; each Party to bear their own attorneys' fees and costs except and otherwise provided by the Settlement. All pending deadlines are stricken as moot. The Court shall retain jurisdiction to enforce the Parties' Settlement.

ORDERED this  13th  day of    January   , 2022

            *s/ Jack Zouhary*
            JUDGE JACK ZOUHARY